UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID TARVER,

    Petitioner,

  v.

MAGGIE MILLER-STOUT,

    Respondent.

Case No. C05-5237FDB

REPORT AND RECOMMENDATION

**NOTED FOR:**
**January 6th, 2006**

    This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. Respondent has filed an answer to the petition showing the issues raised are procedurally barred. The Court recommends that the petition be **DISMISSED WITH PREJUDICE.**

FACTS

    Petitioner is in custody for the purposes of habeas corpus by virtue of a Kitsap County conviction for one count of manufacture of methamphetamine. (Dkt. # 29, Exhibit 1). He is serving a sentence of 42 months with an additional 42 months of community custody. (Dkt. # 29, Exhibit 2). Petitioner does not challenge his conviction or sentence in this petition. Instead, he challenges the

REPORT AND RECOMMENDATION- 1

amount of good time the county jail certified him as having earned when he was transferred to the Washington State Department of Corrections. (Dkt. # 10). Respondent has filed an answer setting forth the procedural history of the claim and showing the claim was not properly raised in state court and is now procedurally barred. (Dkt. # 28).

## PROCEDURAL HISTORY

The respondent sets forth the procedural history as follows:

On December 10, 2003, Mr. Tarver filed a personal restraint petition with the Court of Appeals, Division Two. Exhibit 3, Personal Restraint Petition, In re Tarver, Washington Court of Appeals Cause No. 31312-0-II. The petition raised the following summarized issue for review:

> The Kitsap County Jail erred in calculating my jail good time, awarding me only 15 days of good time for 90 days served in the jail. I should receive the statutory maximum one-third good time or 45 days.

Exhibit 3 at Attachment B-1, Grounds for Relief.

The Kitsap County Sheriff's Office filed a response in opposition. Exhibit 4, Kitsap County Sheriff's Office Response to Petition, In re Tarver, Washington Court of Appeals Cause No. 31312-0-II. The response indicated that Mr. Tarver spent 90 days in the Kitsap County Jail and would have been entitled to 30 days of "good time", absent any disciplinary problems. Id. at 2. However, because Mr. Tarver had several policy violations, he lost eight days of "good time", receiving only 22 days of "good time." Id.; See also, Exhibit 3, Attachment D, Declaration of Larry Bertholf in Support of Kitsap County Sheriff's Office's Response to Petition, In re Tarver, Washington Court of Appeals Cause No. 31312-0-II

Mr. Tarver filed a reply brief arguing that his procedural due process rights were violated by the county jail's failure to provide a disciplinary hearing prior to denying 8 days of "good time", and arguing that the varying county policies awarding different amount of jail "good time" violates equal protection principles. Exhibit 5, Petitioner's Reply Brief, In re Tarver, Washington Court of Appeals Cause No. 31312-0-II.

The Washington Court of Appeals dismissed the petition. Exhibit 6, Order Dismissing Personal Restraint Petition, In re Tarver, Washington Court of Appeals Cause No. 31312-0-II. The court held that Mr. Tarver's claim in his reply brief that his due process rights had been violated would not be considered because the court does not review issues raised for the first time in a reply brief. Id. Further, the court held that Mr. Tarver failed to demonstrate that the jail improperly certified his jail time. Id. at 2.

The Washington Court of Appeals issued a Certificate of Finality on October 18, 2004, finding that the decision of the Washington Court of Appeals, filed on June 23, 2004, became final on July 26, 2004. Exhibit 7, Certificate of Finality, In re Tarver, Washington Court of Appeals Cause No. 31312-0-II.

REPORT AND RECOMMENDATION- 2

      On November 24, 2004, Mr. Tarver apparently filed a motion for extension of time and a motion for appointment of counsel with the Washington Supreme Court. Exhibit 8, Letter from Supreme Court Clerk to Mr. Tarver, Kitsap County Prosecutor's Officer, and Clerk, Division II, Court of Appeals, dated November 24, 2004. Because a Certificate of Finality had been entered on October 18, 2004, the motions were placed in the court's unfiled papers section without further action. Id.

      On December 30, 2004, Mr. Tarver filed a motion for extension of time with the Washington Supreme Court. Exhibit 9, Motion for Extention [sic] of Time, In re Tarver, Washington Supreme Court Cause No. 76468-9. The Washington Supreme Court denied the motion, finding that Mr. Tarver had failed to explain the abnormally long period between the request for extension of time and the date the order was entered by the Washington Court of Appeals and failed to demonstrate that extraordinary circumstances exist to support the granting of such a substantial extension of time. Exhibit 10, Letter from Supreme Court Deputy Clerk to Mr. Tarver, Kitsap County Prosecutor's Office, and Clerk, Division II, Court of Appeals, dated December 30, 2004.

      Mr. Tarver then wrote an unsigned letter to the court. Exhibit 11, Letter from Mr. Tarver to Supreme Court Clerk, received January 20, 2005. The Supreme Court Clerk responded stating that no further action would be taken. Exhibit 12, Letter from Supreme Court Deputy Clerk to Mr. Tarver, dated January 20, 2005.

(Dkt. # 28, pages 2 through 4). Respondent notes that petitioner has filed at least three other personal restraint petitions. As none of those petitions raise the issue now before the court their procedural history was not briefed. (Dkt. # 28, page 4, footnote 1).

## EVIDENTIARY HEARING

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held unless (A) the claim relies on (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or there is (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). Petitioner's claims rely on established rules of constitutional law. Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Therefore, petitioner is not entitled to an evidentiary hearing.

REPORT AND RECOMMENDATION- 3

## STANDARD

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

A.  Exhaustion.

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S.364, 115 S.Ct. 887, 888 (1995). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).

Respondent shows that the issue in this petition was never placed before the state court in a

REPORT AND RECOMMENDATION- 4

procedural posture where it was likely to be considered. (Dkt. # 25, pages 2 through 4). The claim is unexhausted.

B.    Procedural Bar.

Normally, a federal court faced with an unexhausted petition dismisses the petition without prejudice, so that the petitioner has an opportunity to exhaust the claims in state court. Now, however, petitioner is barred from filing another petition in state court as any attempt to file another petition will be deemed successive and possibly time barred. See, RCW 10.73.090 and 10.73.140.

Federal Courts generally honor state procedural bars unless it would result in a "fundamental miscarriage of justice" or petitioner demonstrates cause and prejudice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner here cannot show cause and prejudice in state court.

To show cause in federal court petitioner must show that some objective factor external to the defense prevented petitioner from complying with state procedural rules relating to the presentation of his claims. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). Here, petitioner simply failed to raise his issues in his original petition in state court. Thus, petitioner cannot show cause that excuses his procedural default in state court. Accordingly, this petition is procedurally defaulted and should not be considered.

C.    On the Merits.

The court considers the merits in the alternative. Petitioner was not granted eight days of potential good time credit from the county jail. Petitioner argues he was entitle to some type of due process or hearing regarding the decision not to award those credits. The court begins by noting that an inmate has no constitutional right to release before expiration of his or her sentence. Greenholtz v. Inmates of Nebraska, 442 U.S. 1 (1979). Nor have the Washington State appellate courts recognized an independent state created interest in amassing early release credits. In Re Galvez, 79 Wn. App 655 (1995).

If an inmate is credited with time off his sentence for good behavior and his sentence is shortened, then prison officials must provide due process prior to the taking of time that was credited. Wolf v. McDonald, 418 U.S. 539 (1974). Under the facts as set forth by petitioner he was

REPORT AND RECOMMENDATION- 5

never given eight days of good time and he has no liberty interest in time that was not credited against his sentence. Accordingly, this petition should be **DISMISSED WITH PREJUDICE**.

CONCLUSION

For the reasons stated above this petition should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 6th, 2006**, as noted in the caption.

Dated this 20th day of December, 2005.

*[signature]*

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION- 6